UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY MORRIS,

    Plaintiff,

    v.

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

CASE NO. 2:07-CV-10578
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL KOMIVES

# REPORT AND RECOMMENDATION ON DEFENDANT CMS'S RENEWED MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (docket #62)

I.    <u>RECOMMENDATION</u>: The Court should deny defendant CMS's renewed motion to dismiss and/or for summary judgment.

II.    <u>REPORT</u>:

This matter is before the Court on the renewed motion of defendant Correctional Medical Services (CMS) to dismiss or for summary judgment. CMS argues, as it did in its prior motion to dismiss, that plaintiff's claims are barred by the statute of limitations and are not properly exhausted as required by 42 U.S.C. § 1997e(a). Because CMS's arguments have already been rejected by this Court, an extensive analysis is not required. Suffice it to say that CMS has pointed to no new facts or law which compel a different outcome.

On March 31, 2008, CMS filed a motion to dismiss, arguing that any of plaintiff's claims accruing in 2002 or 2003 were untimely, and that plaintiff failed to properly exhaust her administrative remedies. With respect to the statute of limitations issue, CMS's brief in support of

1

its prior motion was nearly identical to the brief in support of its current motion. *Compare* Br. in Supp. of Mot. to Dismiss (docket #32), at 3-5, *with* Br. in Supp. of Renewed Mot. to Dismiss, at 4-5. The one exception is CMS's discussion of whether plaintiff's grievances toll the statute of limitations, which was not included in its initial brief in support of its first motion to dismiss. After plaintiff raised that issue, however, CMS fully addressed it in its reply brief, and again in its objections to my Report. Those discussions are identical to the discussion of the issue in CMS's current motion, and both rely on the exact same cases in support of CMS's argument. *Compare*, Reply Br. in Supp. of Mot. to Dismiss, at 3-4, *and* Def.'s Objections to R&R, at 9-13, *with* Br. in Supp. of Renewed Mot. to Dismiss, at 5-9. Likewise, the exhaustion arguments raised by CMS in its current motion are identical to, and rely on the same cases, as their earlier arguments. *Compare* Br. in Supp. of Mot. to Dismiss, at 13-14, Reply Br. in Supp. of Mot. to Dismiss, at 1-3, *and* Def.'s Objections to R&R, at 13-15, *with* Br. in Supp. of Renewed Mot. to Dismiss, at 13-15.

In short, in its renewed motion to dismiss or for summary judgment, CMS relies on no new arguments, facts, or cases which were not already considered and rejected by me in my Report and by the Court in adopting that Report. Although there is no categorical prohibition on renewed or successive motions to dismiss or for summary judgment, such renewed motions are generally limited to matters which have not been decided or supported by an expanded factual record. *See Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). "Because the party renewing its motion is limited to issues relating to the new material, [a party] may not revisit the Court's finding with respect to issues decided in the first decision[.]" *Wechsler v. Hunt Health Sys., Ltd.*, 198 F. Supp. 2d 508, 514 (S.D.N.Y. 2002). Here, because CMS is merely "rehashing arguments from its resolved motion," there is "no reason to readdress those claims." *Howard v. Gutierrez*, 571 F. Supp. 2d 145, 155

(D.D.C. 2008); *see also*, *In re Trace Int'l Holdings, Inc.*, 284 B.R. 32, 36 (Bankr. S.D.N.Y. 2002).

This is so even though the Court denied CMS's prior motion "without prejudice to renewal after plaintiff files an amended complaint, pursuant to the report and recommendation." Order, dated 3/30/09. My Report contained no reservations with respect to my conclusions regarding CMS's exhaustion and statute of limitations arguments. Rather, this language from the Court's Order adopting my Report refers to my discussion of and conclusion regarding the third argument advanced by CMS in its initial motion to dismiss–that plaintiff failed to allege a custom or policy giving rise to liability on the part of CMS. With respect to this claim, I concluded that plaintiff's allegations were insufficient, but that she should be permitted to file an amended complaint restating her claims against CMS. *See* R&R, at 24-32. It is in this context that the Court made its denial of CMS's motion without prejudice to renewal. In any event, the point of the above discussion is not that CMS's renewed motion is procedurally improper. The point, rather, is that CMS has given no reason to come to a different conclusion on the exhaustion and limitations issues than the one already reached by the Court. As noted above, CMS has cited no new facts or evidence, pointed to no new case law, nor advanced any new legal theories which were not already fully considered and rejected by the Court. Further, plaintiff's amended complaint contains no different allegations that would affect the Court's resolution of these two procedural issues.

Accordingly, for the reasons stated in my prior Report, the Court should deny defendant CMS's renewed motion to dismiss or for summary judgment.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 2/1/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 1, 2010.
>
> s/Eddrey Butts
> Case Manager

4