UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY MORRIS (#132973),

       Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES, INC.

       Defendant.
_____/

Case No.  2:07-CV-10578

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

## ORDER ADOPTING REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment [107], filed on May 7, 2012. On September 28, 2012, Magistrate Judge Komives issued a Report and Recommendation ("R&R") [114] recommending that Defendant's motion be DENIED.  Defendant filed an objection [115] on October 15, 2012.  Plaintiff filed a response [116] on October 29, 2012.

### Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set forth in the R&R in full.

### Standard of Review

This Court reviews objections to a Magistrate Judge's R&R on a dispositive motion *de novo*. *See* 28 U.S.C.§ 636(b)(1)(c).  Making some objections to a Magistrate Judge's R&R, but failing to raise others, will not preserve all objections a party may have to the R&R.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006).  Objections that are filed must be specific.  *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp v. Catrett*, 477 U.S. 317, 326 (1986). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 600 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrates that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251-52 (1986).

### Analysis

Defendant provides three specific objections to the Magistrates Judge's R&R. Defendant objects 1) that the R&R improperly relies upon the Statement of Facts set forth by Plaintiff and omits critical facts provided by Defendant; 2) that no genuine issue of material fact exists as to whether Plaintiff's right eye cataract constituted a serious medical need; 3) that no genuine issue of material fact exists regarding whether Plaintiff's Eighth Amendment rights were violated as the result of the execution of a policy, practice, or procedure of Defendant.

**A.     First Objection: R&R Improperly Relies Upon the Facts Set Forth By Plaintiff and Omits Critical Facts Presented by Defendant**.

Defendant first asserts, generally, that the R&R relied solely upon Plaintiff's rendition of facts, and overlooked Defendant's statement of facts along with admissible evidence. Defendant argues that a proper view of all the evidence necessities an entry of summary judgment in favor of

Defendant. Defendant argues that the R&R omits the evidence that Plaintiff was assessed as a malingerer twice in 2005 by an ophthalmologist, who also determined that Plaintiff's vision loss was unexplainable. (Def.'s Mot. for Summ. J., Ex. B, pp. 65-68). However, the same ophthalmologist did not mention a cataract in Plaintiff's right eye, that was diagnosed and approved for a extraction in 2003, and that was not extracted until early 2008. (Def.'s Mot. for Summ. J., Ex. B, at pp. 1179-1180; 1463; 1086-87). These contradicting statements indicates there is a genuine issue of material fact as to whether there was a serious medical need.

The R&R included facts favorable to both parties. In it, the Magistrate Judge included facts as offered by Plaintiff and Defendant, and attached several of Defendant's exhibits to cross reference with the facts stated in the R&R. As the non-moving party, Plaintiff must point to evidence to establish that there is a genuine issue of material fact. As such, it was logical for the Magistrate Judge to highlight statements that establish that there is a genuine issue of material fact as to whether Plaintiff has a serious medical need. Although the Magistrate Judge did not explicitly state Defendant's counterfacts, they were included in the R&R through the attached exhibits.

At the summary judgment stage, the role of the judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The Magistrate Judge was not mandated to explicitly state Defendant's contradictory facts. Rather, the Magistrate's role was to determine whether Plaintiff had evidence in the record that created a genuine issue of material fact. He did so, properly. Thus, the Magistrate Judge's R&R did not "improperly rely" upon the Plaintiff's statement of facts.

3

**B.     Second Objection: No Genuine Issue of Material Fact Exists as to Whether Plaintiff's Right Eye Cataract Constituted an Objectively Serious Medical Need.**

Defendant asserts that the Magistrate Judge failed to adhere to the holding in *Cobbs v. Pramstaller*, 475 F. App'x. 575 (6th Cir. 2012), to evaluate Plaintiff's Eighth Amendment claim. In *Cobbs*, a prisoner with a cataract in his right eye alleged that his Eighth Amendment rights were violated when his cataract was not authorized to be removed for four years. *Id.* at 580. The court found that the plaintiff could not assert he was denied "any treatment" when he met regularly with optometrists and ophthalmologists during the alleged period of delay. *Id.* Thus, to survive a motion of summary judgment, the court required the plaintiff to produce medical evidence to demonstrate the detrimental effect of the alleged delay in treatment. *Id.* Due to the evidence provided by plaintiff, the court found that there was a genuine issue of material fact. *Id.*

Defendant argues that Plaintiff failed to produce any medical evidence that she suffered any detriment due to the alleged delay in receiving cataract removal surgery on her right eye. Plaintiff argues that the basis of the claim does not fall into the "effect of delay category," because the claim is based on Defendant's multiple determinations that the cataract extraction surgery was necessary and that it was Defendant's failure to execute its determination that is the actual Eighth Amendment violation.

Controlling precedent on this issue is found in *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890 (6th Cir. 2004), where the Sixth Circuit looked to the Supreme Court holding in *Farmer v. Brennan,* 511 U.S. 825, 837 (1970), to determine what constituted a sufficiently serious medical need in order to establish a claim for an Eighth Amendment violation.

The Sixth Circuit stated in *Blackmore*:

> As the Supreme Court has held, the test for deliberate indifference is whether there exists a "substantial risk of serious harm." *Farmer*, 511 U.S. at 837, (1970) (emphasis added), and does not require actual harm to be suffered. See also *Smith v. Carpenter*, 316 F.3d 178, 189 (2d. Cir. 2003) (observing that "actual physical injury is not necessary in order to demonstrate of an Eighth Amendment violation" and declining to adopt a per se rule that such injury is required) (citing in part *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Where the seriousness of a prisoner's needs for medical care is obvious even to a lay person, the constitutional violation may arise. This violation is not premised upon the "detrimental effect" of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm.

390 F.3d at 899.

The Sixth Circuit adhered to this rational when it clarified previous opinions and held in *Blackmore* that:

> where a plaintiff claim's arise from an injury or illness "so obvious that even a lay person would easily recognize the necessity for a doctor's attention," the plaintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated. Instead, it is sufficient to show he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame.

*Id.* (citations omitted).

The Court finds a lay person would easily recognize the necessity for a doctor to extract a cataract. The mere fact that the cataract extraction was not executed for more than four years after Defendant authorized the procedure provides grounds sufficient to establish a substantial risk of serious harm. Therefore, Plaintiff does not have to provide medical evidence to show her medical condition worsened because of the delay to establish a serious medical need. Morever, the conflicting medical opinions about the condition and size of the cataract indicate that a general issue of material effect exists as to the seriousness of the medical need. Furthermore, when the Magistrate Judge found there was a genuine issue of material fact as to the serious medical need, he also found the existence of a genuine issue of material fact as to Plaintiff's Eighth Amendment claim.

*Cobbs* is an unpublished opinion and did not overrule the precedent established in *Blackmore*. Therefore, the Magistrate Judge was correct in finding a genuine issue of material fact for a serious medical need and addressed the issue of whether Plaintiff's Eighth Amendment rights were violated.

**C.    Third Objection: No Genuine Issue of Material Fact Exists for Whether Plaintiff's Eighth Amendment Rights Were Violated as the Result of the Execution of Defendant's Policy, Practice, or Procedure.**

Defendant asserts that the Magistrate Judge failed to identify a constitutional violation by any individual involved in this action. Defendant also argues that the Magistrate Judge incorrectly found a genuine issue of material fact as to whether a policy, practice, or custom, or lack thereof, resulted in deliberate indifference to plaintiff's right-eye cataract. Further, Defendant argues that the Magistrate Judge failed to address whether CMS proximately caused Plaintiff to suffer any damages or injury.

This Court first finds that Defendant is potentially liable for a 42 U.S.C. § 1983 claim. In *Monell v. Dept't of Soc. Servs,* 436 U.S. 658, 694 (1978), the Supreme Court held that a municipality was a person under 42 U.S.C. § 1983 and that a constitutional deprivation arises from a government custom. The Defendant is treated as a municipality for §1983 liability purposes, because the holding in *Monell* extends to private corporations. See *Fisher v. Cnty. of Macomb*, 2011 WL 2414413 (E.D. Mich. 2011) (Borman, J); *Street v. Corr. Corp .of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)). Thus, the Defendant is potentially liable for § 1983 Eighth Amendment violations due to its policies, practices, and customs.

Defendant argues that the Magistrate Judge incorrectly found the existence of a genuine issue of material fact as to whether its policy, practice, procedure, or custom, or lack thereof, resulted in

6

deliberate indifference to Plaintiff's right-eye cataract. Plaintiff argues the mere fact that Defendant lacked two policies: 1) requiring its own authorized procedures are actually be carried out, and 2) mandating a sound medical analysis that reveals a serious medical condition cannot be ignored or otherwise trumped by non-medical and uncontrolled evaluations, demonstrates deliberate indifference. Defendant counters by asserting that Plaintiff failed to provide evidence of its lack of policy, practice, or custom to verify that an authorized procedure is executed.

The Court first notes that evidence that a policy does not exist is best established by the facts of the case. Here, there is evidence in the record that Defendant failed to address Plaintiff's serious medical need for a number of years, and attempted to rely on non-medical evaluations to ignore recommendations of treatment. Moreover, Defendant failed to produce any policies and failed to cite to existing policies in its brief for summary judgment. Defendant is the party moving for summary judgment, and therefore Defendant has the burden establishing that there is no genuine issue of material fact. Defendant has failed to rebut the plain facts of the case.

Moreover, "liability can arise and deliberate indifference can be shown by proof by that the city or county 'knows that inmates face a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it.'" *Blackmore*, 390 F.3d at 900 (quoting *Farmer*, 511 U.S. at 847). In *Blackmore*, the county lacked policies, practices and adequate training to handle a prisoner's illness when it did not provide a substitute nurse on-duty if the nurse on duty called in sick. *Id.* The Sixth Circuit found a genuine issue of material fact existed regarding whether the lack of policy, practice, and adequate training led to the claim of violating the Eight Amendment, and whether the resulting harm was caused by the lack of appropriate policies. *Id.* Accordingly, this Court finds a genuine issue of material fact exists as to whether Defendant's lack of policy caused the delay of Plaintiff's necessary treatment.

As to Defendant's argument that the Magistrate Judge failed to address proximate causation, "it is sufficient to show [the Plaintiff] actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." 390 F.3d at 899. Plaintiff's right-eye cataract was removed more than four years after Defendant authorized the extraction. The mere fact that the medical treatment was not addressed in a reasonable time is sufficient to establish deliberate indifference to a serious medical need. As discussed above, Plaintiff need not establish no additional harm due to delay. Thus Defendant's proximate cause objection is not well-taken.

## Conclusion

The Court having reviewed the record in this case, the Opinion and Order of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's objections are **DENIED**.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [107] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED DISTRICT JUDGE

Dated: November 20, 2012

8